### CHENOWITH v. CITY OF BOCA RATON, et al.

Circuit Court, Palm Beach County.

December 1, 1954 and February 11, 1955.

46

Robert W. Boyce and Frederick H. Postal, both of South Miami, for plaintiff.

Harry A. Johnston and Henry F. Lilienthal, both of West Palm Beach, for councilmen and city of Boca Raton.

Neil E. MacMillan, Delray Beach, for Harry E. Kresley.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly presented by counsel for plaintiff and counsel for Harry E. Kresley, upon plaintiff's application for a temporary restraining order. The court heard the testimony of the parties.

Plaintiff seeks to restrain the defendant from proceeding with the construction of a residence on a lot adjoining her property. She asserts that the defendant is proceeding with the construction so that the side wall of the building is nine feet from her property line rather than ten feet from her property line, in accord with a permit illegally issued by the city of Boca Raton. Plaintiff further asserts that she has been and will be irreparably injured in the event that the defendant proceeds with the construction of the building.

From the proof, it is impossible to ascertain whether or not the city ordinances have been complied with in the issuance of the permit. However, had those ordinances not been complied with plaintiff is not entitled to a temporary restraining order because she makes no showing of irreparable injury.

Thereupon, it is ordered that plaintiff's application for the issuance of a temporary restraining order be denied.

JOSEPH S. WHITE, Circuit Judge.

This cause came on for the entry of final judgment upon the pleadings, testimony taken orally before the court, and argument of counsel.

The question here is whether or not a building permit of the city of Boca Raton is to be canceled because it permitted the build-

ing of a residence within nine feet of a property line, rather than a distance of ten feet, as required by a zoning ordinance.

It is well settled that mandamus is not awarded as a matter of right, but may issue only in the sound, judicial discretion of the court, and then only when based upon equitable principles. The rights involved must be substantial, and it must appear that substantial damage will be suffered if the writ is denied. See 55 C.J.S., section 55, page 96.

It is the view of the court that a peremptory writ of mandamus is not justified under the facts in this case.

Thereupon, it is ordered and decreed that the alternative writ is quashed, and court costs are taxed against the petitioner.